IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARGARET KINSEL | § | |
| | § | |
| v. | § | C.A. NO. C-09-134 |
| | § | |
| MICHAEL ASTRUE | § | |

**MEMORANDUM AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR ATTORNEY FEES**

Plaintiff Margaret Kinsel prevailed in this lawsuit in which a decision of the

Commissioner of Social Security Administration was vacated and remanded to the

Commissioner for further consideration of the medical evidence relating to

plaintiff's disability.  (D.E. 15, 16, 17).  She now seeks an award of attorney fees

pursuant to the Equal Access to Justice Act ("EAJA").  (D.E. 20).  The

Commissioner filed a response to plaintiff's motion that the defendant does not

oppose plaintiff's requested award of attorney fees.  (D.E. 21).  For the reasons

stated herein, it is respectfully recommended that plaintiff's motion for attorney

fees pursuant to the EAJA be granted.

**I.  PROCEDURAL BACKGROUND**

On June 23, 2004, plaintiff filed an application for a period of disability and

disability insurance benefits.  Tr. 53.  At that time, she was fifty years old and had

previously worked as a manual letter clerk for the United States Postal Service for

nineteen years and eleven months.  Tr. 53, 465.

Initial review by the Social Security Administration concluded that she was not disabled, and her application was denied on February 11, 2005.  Tr. 48.  She filed an appeal, which was similarly denied on March 6, 2006.  Tr. 42.  On June 7, 2006, she requested a hearing before an administrative law judge ("ALJ") to review her application.  Tr. 39.  After an August 1, 2007 hearing, the ALJ issued a decision on October 12, 2007 again denying plaintiff's application based on the finding that she was not disabled.  Tr. 13-21.

On June 15, 2009, plaintiff filed this action.  (D.E. 1).  On December 11, 2009, the Commissioner filed a cross-motion for summary judgment.  (D.E. 7).  On January 29, 2010, plaintiff filed a cross-motion for summary judgment with a brief in support.  (D.E. 10, 11).  On February 16, 2010, the Commissioner filed a reply to plaintiff's cross-motion for summary judgment.  (D.E. 12).

By order and final judgment entered on April 19, 2010, plaintiff's motion for summary judgment was granted, and the case was remanded to the Social Security Administration.  (D.E. 16, 17).  The Commissioner did not appeal.

## II.  PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff asserts the following claims:

1.      Plaintiff is the prevailing party in this action;

2.      The Commissioner's decision denying plaintiff benefits was not
        substantially justified;

3.      There are no special circumstances that would make an award unjust;

4.      The fee application was timely filed;

5.      Plaintiff's attorneys worked 27.00 hours on this matter; this time was
        reasonable and necessary to the prosecution of plaintiff's case;

6.      The hourly rate for an attorney pursuant to the EAJA sought is
        $125.00; and

7.      Plaintiff is entitled to an award of attorney fees, costs, and expenses
        pursuant to the EAJA.

## III.  DISCUSSION

**A.      The Award Of Attorney Fees Pursuant To The EAJA.**

A party is entitled to recover attorney fees pursuant to the EAJA if four

requirements are met: (1) she is the prevailing party, (2) she files a timely fee

application, (3) the position of the government was not substantially justified, and

(4) no special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A);

Squires-Allman v. Callahan, 117 F.3d 918, 920 n.1 (5th Cir. 1997); Milton v.

Shalala, 17 F.3d 812, 813 n.1 (5th Cir. 1994).

**1.      Plaintiff Was The Prevailing Party.**

A party prevails by succeeding on "'any significant issue in litigation which

achieves some of the benefit the part[y] sought in bringing suit.'"  Squires-Allman,

117 F.3d at 920 (quoting <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983)).  In this

action, plaintiff challenged the ALJ's decision because it was not supported by

substantial evidence and did not comport with proper legal standards.  She

requested that the Court enter a finding of disability on her behalf.  (D.E. 1, 10,

11).  The Court remanded the case for further consideration in accordance with the

law, thus satisfying plaintiff's objective in bringing her action.  (D.E. 15, 16).

Plaintiff succeeded in having her claim remanded to the Commissioner for

reconsideration.  As such, it is respectfully recommended that plaintiff is a

prevailing party within the meaning of the EAJA.  <u>See</u> <u>Squires-Allman</u>, 117 F.3d at

920 n.2 (citing <u>Shalala v. Schaefer</u>, 509 U.S. 292, 300-01 (1993)).

## 2.        Plaintiff Filed A Timely Fee Application.

A prevailing party must submit an application for fees and expenses "within

thirty days of final judgment in the action."  28 U.S.C. § 2412(d)(1)(B).  For

purposes of the EAJA, final judgment is defined as "a judgment that is final and

not appealable...."  28 U.S.C. § 2412(d)(2)(G).

The EAJA's thirty-day time limit runs from the end of the period for appeal.

<u>See</u> <u>Schaefer</u>, 509 U.S. at 298.  When the Commissioner does not file an appeal

within the sixty-day period for appeal, as in this case, an applicant seeking fees

pursuant to the EAJA has thirty days after the sixty-day period for appeal has run

to submit her application.  28 U.S.C. § 2412(d)(1)(B).

In this case, final judgment was entered on April 19, 2010.  (D.E. 17).
Because the Commissioner did not file a notice of appeal, the motion for attorneys
fees was due by July 18, 2010.  However, as that date was a Sunday, plaintiff's
motion was due no later than Monday, July 19, 2010.  See Fed. R. Civ. P.
6(a)(2)(C).  Therefore, it is respectfully recommended that plaintiff's motion for
award of attorney fees, filed on July 19, 2010, is timely.

### 3.    The Commissioner's Opinion Was Not Substantially Justified.

In order for plaintiff to collect attorney fees, the Commissioner's position in
denying plaintiff's benefits must not have been "substantially justified."  See 28
U.S.C. § 2412(d)(1)(A).  This determination is made "on the basis of the record
(including the record with respect to the action or failure to act by the agency upon
which the civil action is based) which is made in the civil action for which fees and
expenses are sought."  28 U.S.C. § 2412(d)(1)(B).

The Supreme Court discussed the meaning of "substantially justified" in
Pierce v. Underwood, 487 U.S. 552 (1988), explaining that the statutory phrase
"substantially justified" means "justified to a degree that could satisfy a reasonable
person."  Id. at 565.  To be substantially justified, the Commissioner's case must
have a reasonable basis both in law and fact.  Id. at 566 n.2.  It is "more than

merely undeserving of sanctions for frivolousness," <u>id.</u> at 566, but less than

"clearly and convincingly justified."  <u>Id.</u> at 568.

The award of attorney fees is not granted automatically every time the

government loses.  <u>See</u> <u>Houston Agric. Credit Corp. v. United States</u>, 736 F.2d

233, 236 (5th Cir. 1984) (citation omitted).  The reversal of agency action is not the

functional equivalent of an unreasonable position pursuant to the EAJA.  <u>Spawn v.</u>

<u>W. Bank-Westheimer</u>, 989 F.2d 830, 840 (5th Cir. 1993) (citations omitted).  The

government does, however, have the burden of establishing that its position was

substantially justified.  <u>Griffon v. U.S. Dep't of Health & Human Servs.</u>, 832 F.2d

51, 52 (5th Cir. 1987) (per curiam).  The Fifth Circuit has held that the

government's position was substantially justified: (1) where the government relied

on a regulation that was later invalidated; (2) where the government relied on case

precedent later set aside; or (3) where new evidence, not available at the

administrative level, became available at trial.  <u>See</u>, <u>e.g.</u>, <u>Spawn</u>, 989 F.2d at 840

(relied on a regulation which was later invalidated); <u>Enplanar, Inc. v. Marsh</u>, 11

F.3d 1284, 1297 (5th Cir. 1994) (relied on case precedent later set aside); <u>Hallman</u>

<u>v. INS</u>, 879 F.2d 1244, 1246-47 (5th Cir. 1989) (per curiam) (new evidence, not

available at the administrative level).  In these cases, the Fifth Circuit did not allow

attorney fees to be recovered by the prevailing party even though the government

had lost.

The Fifth Circuit has determined that "[a]s a general proposition, however, if the case lacks substantial evidence, and does not turn on mere evidentiary ambiguities or involve novel legal principles, 'the absence of support for the Secretary's decision ... is at once an absence of justification for her position.'" Baker v. Bowen, 839 F.2d 1075, 1081 (5th Cir. 1988) (quoting Herron v. Bowen, 788 F.2d 1127, 1132 (5th Cir. 1986) (per curiam)).  Here, the Court found the ALJ failed to properly explain the weight given to the opinion of plaintiff's treating physician.

Therefore, it is respectfully recommended that the Court find that the Commissioner's position in this case was not substantially justified.

### 4.     There Are No Special Circumstances.

The EAJA disqualifies an applicant from an award of fees if the Court finds that special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  It is the government's burden to prove special circumstances exist that make an award unjust.  Baker, 839 F.2d at 1080 (citations omitted).  The Commissioner does not object to plaintiff's motion for attorney fees.  (D.E. 21).

It is respectfully recommended that the Court find plaintiff has shown that she is the prevailing party, the EAJA application was timely filed, the

Commissioner's denial of benefits was not substantially justified, and there are no special circumstances that would render the award of attorney fees unjust.  It is further respectfully recommended that the Court find that plaintiff's motion for attorney fees is properly maintained pursuant to the EAJA.

**B.      The Analysis Of The Reasonableness Of Plaintiff's Attorney Fees.**

The Court must next determine whether the hours claimed by plaintiff's attorney are reasonable, or excessive.  See Hall v. Shalala, 50 F.3d 367, 368 (5th Cir. 1995) (district court's determination of amount of award of attorney's fees reviewed for abuse of discretion).  Attorneys submitting a fee request pursuant to the EAJA "are required to exercise billing judgment."  Walker v. U.S. Dep't of Hous. & Urban Dev., 99 F.3d 761, 769 (5th Cir. 1996) (citation omitted).  The Fifth Circuit has stated that "[t]he district court is required to determine 'whether particular hours claimed were reasonably expended.'"  Id. at 932 (citation omitted).

According to the fee application, plaintiff's counsel spent a total of 27.00 hours on the case.  (D.E. 20, at 4).  This time was spent advancing plaintiff's appeal by researching the relevant issues and preparing her motion for summary judgment.  The results obtained were desirable.

The hours submitted by plaintiff's counsel furthered her case.  Accordingly, it is respectfully recommended that the Court find that the 27.00 hours spent on

this case by plaintiff's attorney be found to be reasonable and necessary.

    **1.**    **Reimbursable Amount Of Attorney Fees.**

    The EAJA provides that attorney fees shall not be awarded in excess of $125 per hour, unless it is determined that an increase in the cost of living or a special factor justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  The Fifth Circuit has concluded that while the statute clearly provides for cost of living adjustments, it does not require such adjustments.  <u>Baker</u>, 839 F.2d at 1084.  "Except in unusual circumstances, therefore, if there is a significant difference in the cost of living since [1996] in a particular locale that would justify an increase in the fee, then an increase should be granted."  <u>Id.</u>  The Consumer Price Index ("CPI"), as furnished by the Bureau of Labor Statistics, has been used to determine the appropriate amount for cost of living increases pursuant to EAJA.  <u>See</u> <u>Bode v. United States</u>, 919 F.2d 1044, 1053 n.8 (5th Cir. 1990) (per curiam) (district court's use of CPI for purpose of determining EAJA adjusted attorney fee rate was appropriate).

    The Fifth Circuit has held "that cost-of-living adjustments under the EAJA must be made to reflect the appropriate rate in the year in which the services were rendered."  <u>Perales v. Casillas</u>, 950 F.2d 1066, 1076 (5th Cir. 1992).  Therefore, EAJA fees must be adjusted yearly.  To do otherwise "in effect award[s] interest for the ... delay in payment" and "is a prohibited award of interest against the

United States."  Id. at 1076-77.

**2.      The Calculation Of Plaintiff's Attorney Fees.**

Plaintiff's attorney reasonably worked a total of 27.00 hours on this action

with 5.30 hours worked in 2009 and 21.70 hours worked in 2010.  Counsel

calculates the cost of living adjustment pursuant to the EAJA to be $168.46 for

2009[1] and $169.68 for 2010.[2]  These hourly rates correctly reflect the cost of living

adjustment for the years 2009 and 2010, and it is respectfully recommended that

the Court calculate the EAJA award according to this adjusted rate for hours

worked in this action.  Pursuant to this adjusted rate, the attorney fees for hours

worked in 2009 are calculated as 5.30 hours multiplied by $168.46, which equals

$892.84.  Additionally, pursuant to this adjusted rate, the attorney fees for hours

worked in 2010 are calculated as 21.70 hours multiplied by $169.68, which equals

$3,682.06.

It is respectfully recommended that the Court find that plaintiff is entitled to

---

[1] To calculate the appropriate cost of living adjustment, plaintiff compares the CPI for 1996, the year in which the $125.00 EAJA rate became effective, with the CPI for 2009, 148.8 and 200.54 respectively, to find that the rate has increased 34.77 percent.  (200.54 minus 148.8 = 51.74; 51.74 divided by 148.8 = 34.77 percent).  A 34.77 percent increase equals $168.46 per hour.  (D.E. 20, at 5 & Ex. B).

[2] To calculate the appropriate cost of living adjustment, plaintiff compares the CPI for 1996, the year in which the $125.00 EAJA rate became effective, with the CPI for March 2010, 148.8 and 201.98 respectively, to find that the rate has increased 35.73 percent.  (200.54 minus 148.8 = 53.18; 53.18 divided by 148.8 = 35.73 percent).  A 35.73 percent increase equals $169.68 per hour.  (D.E. 20, at 5 & Ex. B).

attorney fees in the amount of $4,574.90.

**C.      Plaintiff's Expenses.**

The EAJA authorizes a prevailing party to recover reasonable expenses incurred prosecuting a civil action against the United States.  <u>See</u> 28 U.S.C. § 2412.  Section 2412(d)(1)(A) provides that "a court shall award to a prevailing party other than the United States <u>fees and other expenses</u>, in addition to any costs awarded pursuant to subsection (a)," to a party who successfully sues the federal government.  28 U.S.C. § 2412(d)(1)(A) (emphasis added).  Expenses are "'those reasonable and necessary expenses of an attorney incurred or paid in preparation for trial of the specific case before the court, which expenses are those customarily charged to the client where the case is tried.'"  <u>Kelly v. Bowen</u>, 862 F.2d 1333, 1335 (8th Cir. 1988) (citing <u>Oliveira v. United States</u>, 827 F.2d 735, 744 (Fed. Cir. 1987)).  The term "other expenses" has been found to include various items, such as postage and courier, telephone, electronic research, and attorney travel expenses. <u>Id.</u>

Based on her attorney's summary of expenses, plaintiff seeks expenses of $384.66, which include $350.00 for the filing fee, $26.06 for postage, and $8.60 for copying costs.  (D.E. 20, at 5).  Defendant does not object to plaintiff's request for expenses.  Moreover, the enumerated expenses appear reasonable.  Based on

the foregoing analysis, it is respectfully recommended that the Court grant plaintiff's request for expenses in the amount of $384.66.

## IV.  RECOMMENDATION

It is respectfully recommended that plaintiff is entitled to an award of attorney fees pursuant to the EAJA because she is the prevailing party, the Commissioner's position was not substantially justified, and there are no special circumstances that make an award unjust.  It is further respectfully recommended that the Court find that 27.00 billable hours expended on this case by plaintiff's counsel were reasonable and necessary.  Finally, it is respectfully recommended that the Court find that plaintiff is entitled to reimbursement of costs and expenses.

Accordingly, it is respectfully recommended that plaintiff's motion for attorney fees, costs, and expenses be granted, and that plaintiff be awarded $4,574.90 in attorney fees and $384.66 in costs and expenses.

Respectfully submitted this 22nd day of July 2010.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).